**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS CHAVEZ-SALAIS,

Defendant - Appellant.

No. 02-2138

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. Nos. CR-00-547-JC & CIV-02-440-JC/WWD)**

---

**Submitted on the briefs:**[*]

Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

David C. Iglesias, United States Attorney, and Laura Fashing, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case therefore is ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Defendant-Appellant Jesus Chavez-Salais pled guilty to one count of reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2), and was sentenced to 57 months' imprisonment. As part of his plea agreement, Defendant waived his right to appeal or to collaterally attack his sentence. He later filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a post-sentencing amendment to the United States Sentencing Guideline that was applied to his case. The district court denied Defendant's motion, and he timely appealed.[1] The Government now argues that the waiver contained in Defendant's plea agreement deprives us of jurisdiction to hear his appeal. We disagree and take jurisdiction pursuant to 28 U.S.C. § 1291. But because circuit precedent squarely forecloses Defendant's substantive argument, we AFFIRM the district court's denial of his motion.

---

[1]Defendant argues that the district court improperly recharacterized his § 3582(c)(2) motion as a 28 U.S.C. § 2255 motion. That is incorrect. In a footnote to its Order dismissing Defendant's motion, the district court stated, "The Clerk's automated case-opening system categorizes all motions challenging federal convictions or sentences under 28 U.S.C. § 2255." That statement appears to have been merely a clarification of how the case was initially docketed; the court referred to, analyzed and disposed of Defendant's motion as a § 3582(c)(2) motion. Defendant's argument to the contrary lacks merit.

## I. Validity of Defendant's waiver

The waiver provision in Defendant's plea agreement waived both his right to direct appeal and to "any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255," except to the extent that the district court departed upward from the applicable guideline range. The waiver stated, in relevant part:

> Defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the Court after resolution of any objections by either party to the presentence report to be prepared in this case, and defendant specifically agrees not to appeal the determination of the Court in resolving any contested sentencing factor. In other words, Defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255, except to the extent that the court may depart upwards from the applicable sentencing guideline range.

(Plea Agreement at 5 (emphasis added).)

"A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001) (internal quotation marks and citations omitted); see also United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998) ("This court will hold a defendant to the terms of a lawful plea agreement.").

The terms of Defendant's plea agreement specifically waived his right to appeal directly his sentence, as well as his right to "any collateral attack" of it. The Government argues that the waiver "includes collateral challenges brought under 18 U.S.C. § 3582(c)(2), even though the plea agreement does not specifically mention such motions." We disagree.

We construe a defendant's plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." United States v. Veri, 108 F.3d 1311, 1313 (10th Cir. 1997). The conventional understanding of "collateral attack" comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis. These are extraordinary remedies that complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction. It is by no means obvious that a defendant's motion to modify his sentence under 18 U.S.C. § 3582(c)(2), pursuant to a subsequent amendment in the Sentencing Guideline that was applied to his case, would be reasonably understood as a "collateral attack" on his sentence as opposed to a motion prospectively to modify a sentence based on events occurring after the original sentence was imposed. Cf. United States v. Torres-Aquino, No. 02-2075, __ F.3d __, 2003 U.S. App. LEXIS 13473 (10th Cir. July 2, 2003) (which similarly draws a distinction between § 2255 actions, which attack the original sentence, and

§ 3582(c)(2) actions, which do not attack the original sentence but only seek to modify it).

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (discussing waivers of the Sixth Amendment right to counsel); see also Brady v. United States, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.") (discussing guilty pleas). Like most waivers, a defendant's waiver of his right to appeal or collaterally attack his sentence is to be construed narrowly. See, e.g., United States v. Ready, 82 F.3d 551, 558 (2d Cir. 1996) ("We construe a criminal defendant's waiver of appellate rights narrowly."). It is with that approach in mind that we turn to the scope of Defendant's waiver in this case.

In the context of a defendant's waiver of his right to appeal or collaterally attack his sentence, there are two ways the content of that waiver can be made known to him.

First is through the language of the plea agreement itself. If the agreement explicitly states that a Defendant is waiving a particular right, we will hold him to that waiver, barring "certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such

as race, or where the agreement is otherwise unlawful." United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001). Thus, for example, we have repeatedly held defendants to the terms of lawful plea agreements that explicitly waived the right to appeal or to collaterally attack a sentence under 28 U.S.C. § 2255. See, e.g., Atterberry, 144 F.3d at 1300 (waiver of direct appeal); Cockerham, 237 F.3d at 1183 (waiver of collateral attack under § 2255). In this case, however, the plea agreement did not explicitly state that Defendant was waiving his right to bring a later motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Had the agreement contained such language, or language suggesting that Defendant waived the right "to attack collaterally or otherwise attempt to modify or change his sentence," we would likely find that Defendant had waived his right to bring the instant motion. The agreement contained no such language, however, and we do not believe that motions under 18 U.S.C. § 3582(c)(2) are clearly understood to fall within a prohibition on "any collateral attack." Defendant's motion under § 3582(c)(2) does not so much challenge the original sentence as it seeks a modification of that sentence based upon an amendment to the Guidelines. Thus, we find that the language of the plea agreement itself does not clearly reach Defendant's instant motion under 18 U.S.C. § 3582(c)(2).

The second way in which the content of a defendant's waiver of appeal rights can be made known to him is through the colloquy with the court required by Federal Rule of Criminal Procedure 11. That rule states, inter alia, that before accepting a plea of guilty or nolo contendere, the court must address the defendant in open court and determine that the defendant understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N).[2]

In this case, the court did engage in a Rule 11 colloquy with Defendant, but we find that colloquy insufficient to support the conclusion that Defendant knew he was waiving his right to make a later motion under 18 U.S.C. § 3582(c)(2). In its entirety, the court's discussion of the scope of the waiver being signed by Defendant and his co-defendant was as follows:

> THE COURT: Do each of you understand that under your plea agreements, you have given up your right to appeal your sentence which you might otherwise have, provided it is within the Guideline range?
>
> MR. J. CHAVEZ: Yes, sir.

---

[2]We have held that such a colloquy is not required if the record as a whole suggests that the defendant's waiver was knowing and voluntary. Atterberry, 144 F.3d at 1300 (holding a defendant to the terms of his appeal waiver, despite the lack of a colloquy transcript, when "nothing in the record suggest[ed] the waiver was not made knowingly and voluntarily" and when the defendant himself did not so suggest).

The court did not tell Defendant that his waiver of "any collateral attack" would also include any subsequent effort to seek modification of his sentence. Nor did it explain to Defendant that "any collateral attack" would include a subsequent motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Had the court explained these things to Defendant, we might be able to conclude that he knowingly and voluntarily waived his right to bring the instant motion. But the court's cursory exchange with Defendant, which mentions only the waiver of his "right to appeal," leads us to conclude that the Rule 11 colloquy did not clearly inform Defendant that his waiver would reach motions brought under 18 U.S.C. § 3582(c)(2).

We are left with an ambiguity. Neither Defendant's plea agreement nor the Rule 11 colloquy clearly informed him that he was waiving his right to bring a later motion to modify his sentence under 18 U.S.C. § 3582(c)(2). We therefore cannot conclude that Defendant's waiver of his right to bring such a motion was knowing and voluntary. Accordingly, we hold that Defendant did not waive his right to bring the instant motion and we thus reach the merits of that motion.

## II. Whether the amendment to U.S.S.G. § 2L1.2 applies retroactively

Amendment 632 to the United States Sentencing Guidelines amended § 2L1.2, which applies to defendants convicted of reentering or remaining in the

United States after having been previously deported.  See U.S.S.G. App. C Supp. at 222-25 (2001).  The previous version of the Guideline provided for a sixteen-level sentence enhancement for all defendants who returned or remained after having been previously convicted of an aggravated felony, regardless of what type.  Id. at 223.  That version of the Guideline was applied to Defendant when he was sentenced on October 30, 2000.  The revised version of the Guideline provides for enhancements of eight, twelve or sixteen levels, depending on what type of aggravated felony the defendant was convicted of.  U.S.S.G. § 2L1.2 (2001).  The revised Guideline became effective on November 1, 2001.   See U.S.S.G. App. C Supp. at 225 (2001).

Defendant argues that although Amendment 632 is not listed in U.S.S.G. § 1B1.10(c), which names the Guideline Amendments that may be applied retroactively, the Amendment should nevertheless be applied retroactively to his case.  We have held that "sentencing and reviewing courts may still give retroactive effect to amendments that are 'clarifying (as opposed to substantive),'" even if they are not listed in § 1B1.10(c).  United States v. Kissick, 69 F.3d 1048, 1052 (10th Cir. 1995) (quoting United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995)).  Defendant argues that Amendment 632 is clarifying, not substantive, and should therefore be applied retroactively.

Our recent decision in <u>United States v. Torres-Aquino</u>, No. 02-2075, __ F.3d __, 2003 U.S. App. LEXIS 13473 (10th Cir. July 2, 2003), which was decided after the briefs in the instant case had been submitted, controls our disposition of this case. In <u>Torres-Aquino</u>, we stated that because "Amendment 632 is not listed in § 1B1.10(c)[,] ... defendant is not entitled to relief under § 1B1.10." <u>Id.</u> at *3. We also rejected the defendant's substantive-or-clarifying argument under <u>Kissick</u> as not properly brought under § 3582(c)(2). <u>Id.</u> at *4. That argument, we said, should be "raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255." <u>Id.</u>

In the instant case, Defendant's argument is identical to the one that we rejected in <u>Torres-Aquino</u>. Accordingly, the district court's denial of Defendant's motion to modify his sentence under 18 U.S.C. § 3582(c)(2) is AFFIRMED.