**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR DANIEL
CHAVARRIA-AHUMADA,

Defendant-Appellant.

No. 02-2113
(D.C. Nos. CR-01-326-JC
&
CIV-02-267-LH/KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Victor Daniel Chavarria-Ahumada appeals from the denial of his motion to modify sentence under 18 U.S.C. § 3582(c)(2). We affirm.

Defendant pleaded guilty to reentering the United States illegally as a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2). He entered into a plea agreement which did not specify the sentence or sentencing range to be imposed. The district court determined defendant's sentence by applying the then-existing version of USSG § 2L1.2(b)(1)(A), which called for a sixteen-level increase for a defendant previously convicted of an aggravated felony. Based on a criminal history category of IV and a total offense level of twenty-one, the district court sentenced defendant to fifty-seven months' imprisonment, at the low end of the guideline range.

Effective November 1, 2001, the Sentencing Commission promulgated Guidelines Amendment 632, which amended § 2L1.2(b)'s aggravated-felony enhancement to provide for an increase of eight to sixteen levels according to the seriousness of the earlier aggravated felony. See USSG Supp. to App. C at 222-25 (Nov. 1, 2001); USSG § 2L1.2(b) (Nov. 1, 2001). In response, defendant filed a pro se motion to modify his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 632 had lowered the authorized term of imprisonment. The district court denied the motion and defendant appealed.

The government argues that defendant's plea agreement waives his right to file a motion to modify sentence under § 3582(c)(2); that Amendment 632 may not be applied retroactively to defendant in any event; and that defendant's sentence would not be different even if Amendment 632 were applied to him.

We reject the government's argument that defendant waived his right to file a motion to modify his sentence under § 3582(c)(2). In his plea agreement, defendant waived his right to file an appeal or a collateral attack challenging his sentence:

> The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the Court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the Court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court. The defendant also waives the right to challenge the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range.

No. 01-CR-326-JC, Doc. 12, at 5-6. Because "the plea agreement did not explicitly state that Defendant was waiving his right to bring a later motion to modify his sentence under 18 U.S.C. § 3582(c)(2). . . ., we do not believe that motions under 18 U.S.C. § 3582(c)(2) are clearly understood to fall within

-3-

a prohibition on 'any collateral attack.'" United States v. Chavez-Salais, No. 02-2138, 2003 WL 21750786, at \*2 (10th Cir. July 29, 2003). The scope of a defendant's waiver of rights can also be made known to him by the district court at the sentencing hearing. Id. at \*3. However, the government does not contend that defendant was told at the sentencing hearing that, under his plea agreement, he was waiving his right to file a motion to modify sentence. Therefore, defendant did not waive his right to file a motion under § 3582(c)(2) under the language of his plea agreement.

We review de novo a district court's interpretation of the sentencing guidelines. United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995). We have elsewhere addressed the issue presented and concluded that Amendment 632 may not be applied retroactively to reduce a defendant's sentence. See United States v. Torres-Aquino, 334 F.3d 939, 940-41 (10th Cir. 2003). The district court properly denied the motion to modify sentence. We need not address the government's other arguments for affirming.

We note that the district court should not have docketed this § 3582(c)(2) motion as a civil proceeding. Such an approach is apt to lead to misunderstandings by the parties as to whether criminal or civil procedural rules apply and to unnecessarily complicate the disposition of the motion. See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246-47 (10th Cir. 2003).

-4-

The district court's judgment is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Terrence L. O'Brien
Circuit Judge