**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FREDRICO GARCIA-SANCHEZ,

    Defendant-Appellant.

No. 04-4152

District of Utah

(D.C. No. 2:04-CV-398-TC)

**ORDER**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Fredrico Garcia-Sanchez, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order which denied his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Garcia-Sanchez has failed to make "a substantial showing of the denial of a constitutional right,"

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## I. Factual and Procedural Background

Mr. Garcia-Sanchez pleaded guilty to charges involving distribution of a controlled substance. As part of his guilty plea, he waived the right to challenge his sentence on collateral review under 28 U.S.C. §2255. He did not appeal. Subsequently, Mr. Garcia-Sanchez filed a habeas corpus petition pursuant to §2255 in district court claiming that he was coerced and fraudulently induced by his trial counsel to enter into the plea agreement and waiver. The district court denied his petition on June 1, 2004. On June 14, 2004, he petitioned the court to reconsider its denial of his petition or, in the alternative, to restore his appeal rights and issue him a COA. On June 24, 2004, the district court denied Mr. Garcia-Sanchez's petition for reconsideration or a COA. He has renewed his request for a COA here.

## II. Standard of Review

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This includes a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000) (internal quotations omitted). In determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

### III. Discussion

Mr. Garcia-Sanchez claims that his waiver of the right to collaterally attack his sentence is invalid. He argues that his lawyer promised to appeal the sentence and failed to do so, and that the sentence was unconstitutional under *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). In determining whether petitioner can appeal his sentence despite waiving this right, we apply a three-part test: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). We enforce the waiver in this case because (1) Mr. Garcia-Sanchez's appeal falls within the scope of the waiver; (2) he knowingly and voluntarily waived the right to appeal; and (3) enforcing the waiver will not result in a miscarriage of justice.

First, in considering the scope of the disputed appeal, although we narrowly construe the waiver in favor of Mr. Garcia-Sanchez, we will also hold him to its lawful terms. *Id.* at 1328. Mr. Garcia-Sanchez explicitly waived the right to collaterally attack his sentence under §2255, and since the appeal before this Court is pursuant to §2255, it falls within the scope of the waiver.

Second, Mr. Garcia-Sanchez claims that he entered into the plea agreement involuntarily. The district court held that Mr. Garcia-Sanchez's "waiver is valid because the evidence shows that it was entered voluntarily, knowingly and intelligently." Order of June 1, 2004, at 2. The text of Mr. Garcia-Sanchez's waiver states that he "knowingly, voluntarily and expressly waive[d] any right [he] might have to challenge [his] sentence or the manner in which it is determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." *Id.* at 1. This Court has held that the "language of the plea agreement itself" is generally sufficient to show that the content of the agreement was made known to the defendant. *United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003). Accordingly, if the "terms of lawful plea agreements . . . explicitly waived the right to appeal or to collaterally attack a sentence under 28 U.S.C. §2255," the defendant is bound. *Id.*

Mr. Garcia-Sanchez's only argument that the district court erred in finding the agreement knowing and voluntary is as follows:

-4-

> Appellant was coerced and fraudulently induced by his trial counsel to plead guilty and waive his right to collateral review. When Appellant received a 100-month prison sentence, his lawyer promised that he would file an appeal and get him at least 3-years less on his prison sentence. Appellant's attorney failed to file a notice of appeal within ten days of his sentence and never notified Appellant.

Aplt. Br. 2. Even assuming the entire truth of this statement, it has no bearing on whether Mr. Garcia-Sanchez entered the plea agreement and waiver knowingly and intelligently. His argument pertains entirely to events that took place after he entered the agreement, namely at sentencing and thereafter. Whether Mr. Garcia-Sanchez was disappointed in the sentence, whether his counsel offered to appeal (in apparent contradiction to the appellate waiver), and whether counsel did so, might have bearing on a potential claim of ineffective assistance in the post-sentencing context, but it has no bearing on whether the plea agreement and waiver was knowing and intelligent. Indeed, as the district court pointed out, "Mr. Garcia-Sanchez is not attacking the validity of his plea agreement, the proceedings leading up to entry of his guilty plea, or the waiver in his Statement in Advance of Plea of Guilty." Order, at 2.

Third, a waiver will not be enforced if doing so causes a miscarriage of justice. *Hahn*, 359 F.3d at 1327. A miscarriage of justice occurs in any of four circumstances: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence

exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."
*Id.* Mr. Garcia-Sanchez makes no argument that the waiver falls within one of these categories.

Mr. Garcia-Sanchez's principal argument is that the district court enhanced his sentence as a result of judicial factfinding in violation of *Blakely* and *Booker*. Because he waived any right to challenge his sentence on collateral review, we have no occasion to consider this argument.

A reasonable jurist could not conclude that Mr. Garcia-Sanchez's petition should proceed further because he lawfully waived his right to collateral or direct appeal and the waiver is valid under *Hahn*. Accordingly, we **DENY** Fredrico Garcia-Sanchez's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Patrick Fisher, Clerk