**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE RIOS-GARCIA,

Defendant-Appellant.

No. 06-3065

District of Kansas

(D.C. No. 05-CV-3255-KHV)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Jorge Rios-Garcia, a federal prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) that would allow him to appeal from the district court's

order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B). Because we conclude that Mr. Rios-Garcia has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

On December 4, 2002, a grand jury indicted Mr. Rios-Garcia on one count

of conspiracy to distribute more than 5 kilograms of cocaine, more than 500

_____

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

grams of methamphetamine, and more than 50 kilograms of marijuana in violation of 21 U.S.C. § 846. Thereafter, the government properly filed a notice of prior conviction under 21 U.S.C. § 851, which served to raise the statutory mandatory minimum sentence on the charge to twenty years. Mr. Rios-Garcia made no objections to the § 851 filing. On January 14, 2004, Mr. Rios-Garcia pleaded guilty, signing a plea agreement that waived his right both to direct appeal and to collateral attack under 28 U.S.C. § 2255. Five months later, the district court sentenced Mr. Rios-Garcia to twenty years imprisonment. He did not file a direct appeal, but on June 9, 2005, he moved to vacate his sentence under § 2255. The District Court overruled that motion and denied a subsequent motion for a COA.

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Petitioner makes no substantial showing of constitutional error. In his district court § 2255 filing, Mr. Rios-Garcia made four arguments: (1) that his

counsel was ineffective because the attorney threatened Mr. Rios-Garcia and failed to advise him of the right to appeal the § 851 information; (2) that his plea was involuntary; (3) that his sentence enhancement for being a "manager" under the United States Sentencing Guidelines § 3B1.1(b) violated *Blakely v. Washington*, 542 U.S. 296 (2004); and (4) that the Court's doubling of the statutory minimum sentence under 21 U.S.C. § 851 by the use of a prior conviction more than ten years old violated *Blakely* and *Shephard v. United States*, 544 U.S. 13 (2005). We find that all of these claims are barred by his waiver of the right to appeal or collaterally attack his sentence.

"A defendant's knowing and voluntary waiver of the statutory right to appeal and to collaterally attack his sentence is generally enforceable." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (internal quotation marks omitted). We determine whether such waivers are enforceable under a three-prong analysis: (1) whether the disputed appeal falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver will result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). Because the elements of that test are not satisfied here, the waiver is valid and collateral attack is impermissible.

The first prong of the *Hahn* analysis is not in dispute. Mr. Rios-Garcia's appellate waiver includes language "voluntarily waiv[ing] any right to appeal or

collaterally attack" his sentence, "including, but not limited to, a motion brought under Title 28, U.S.C. § 2255." R. Vol. 1, Doc. 211, at 5-6. Even after recognizing our responsibility to resolve any ambiguities in favor of the defendant, we find that the plain language of the agreement clearly precludes the type of appeal presented here. *Hahn*, 359 F.3d at 1343.

Under the second prong, the defendant must show that his plea agreement was not knowing and voluntary. To determine voluntariness, we look to the language of the plea agreement and the Rule 11 colloquy. *Id*. at 1325. In the agreement itself, the defendant averred that he had read and understood the plea agreement, and that he was entering into it freely and voluntarily. He said the same at the colloquy.

Mr. Rios-Garcia claims, however, that the plea as a whole — including the waiver — is invalid because he did not understand several elements of the plea: the § 851 enhancement and the elements of the offense to which he was pleading guilty. As to the § 851 enhancement, Mr. Rios-Garcia registered no objection to the § 851 notice when it was filed, nor does he now claim that the information contained in it is inaccurate. An affidavit from Mr. Rios-Garcia's trial counsel states that he explained several times the meaning of the § 851 notice, and that it would lead to a twenty-year mandatory minimum sentence. The plea petition, which the defendant also signed, acknowledged that Mr. Rios-Garcia would be

-4-

facing a mandatory minimum sentence of twenty years imprisonment, a sentence triggered by the § 851 enhancement.

Mr. Rios-Garcia's claim that he was not informed of the elements of the offenses to which he was pleading is equally meritless. The plea agreement itself laid out the elements of the charge, namely "conspiracy to distribute more than five kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and more than fifty kilograms of marijuana, a Schedule I controlled substance." R. Vol. 1., Doc. 211, at 1. Mr. Rios-Garcia's belated disavowal of knowledge and understanding of the plea is unfounded.

Finally, we must determine whether enforcing the waiver will result in a miscarriage of justice. We have identified four such occasions: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. Factors one, three, and four are inapposite here. Mr. Rios-Garcia does allege the second prong, ineffective assistance of counsel. To show ineffective assistance, appellant must demonstrate (1) that the performance of counsel was deficient, and (2) a reasonable probability that, but for counsel's errors, the result of the

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Petitioner's § 2255 petition alleges three errors by counsel, none of which is sufficient to meet the *Strickland* standard. First, Mr. Rios-Garcia argues that counsel was deficient in trial preparations, because his attorney relied on summaries of wiretapped conversations rather than listening to the conversations themselves. He alleges no prejudice stemming from that behavior, however, and thus we cannot find it to be a Sixth Amendment violation. Second, he alleges that he was pressured into pleading guilty. He claims that his attorney constantly told him in a threatening tone, "If you don't sign the plea agreement, you have to go to trial!" and made frequent mention of the possibility of a life sentence. Such statements cannot be considered threats, however, given that they are both truthful and beyond defense counsel's ability to influence. If counsel was trying to impress on Mr. Rios-Garcia the gravity of the decision that faced him, so much the better. Third, petitioner alleges that his counsel was deficient in failing to inform him that he could appeal the § 851 information. The Supreme Court held in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), that counsel must inform a defendant of his right to appeal only if counsel has "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Counsel

apparently did not inform Mr. Rios-Garcia of his right to appeal the § 851 information, but petitioner gave no indication that he wished to appeal, and counsel had no reason to think there were nonfrivolous grounds for doing so. Moreover, Mr. Rios-Garcia even now makes no claims that the information contained in the § 851 information is inaccurate. He does claim that his conviction should not have been used for § 851 purposes because it is more than ten years old, but such an argument is not supported by the plain language of § 851(a), and therefore we can find no prejudice. We thus find no ineffective assistance of counsel, no miscarriage of justice, and no reason to set aside petitioner's waiver of appeal and collateral attack.

There is no room for "reasonable jurists [to] debate" whether the § 2255 petition and the COA should have been resolved in a different manner. *Slack*, 529 U.S. at 483–84. Accordingly, we **DENY** Mr. Rios-Garcia's request for a COA and **DISMISS** this appeal.

Petitioner also moves to proceed *in forma pauperis*. The district court denied the motion without prejudice, noting that while Mr. Rios-Garcia met the financial criteria for the motion, he had not provided a proper accounting of the issues to be presented on appeal. Mr. Rios-Garcia has since remedied that flaw, and we find his claims to be in good faith. Fed. R. App. P. 24(a)(4)(B). His

motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge