CLD-222                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1754
_____

UNITED STATES OF AMERICA

v.

DARREN BROWN, a/k/a D-Block,
                                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-16-cr-00181-005)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2021

Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 3, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Darren Brown appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as well as his motion for reconsideration of that denial. The Government has filed a motion for summary action, seeking dismissal of the appeal on the basis on an appellate waiver in Brown's plea agreement or, in the alternative, summary affirmance of the District Court's order. For the reasons that follow, we decline to enforce the appellate waiver, and we will summarily affirm the District Court's order.

In 2016, Brown pleaded guilty to conspiracy to distribute heroin pursuant to a plea agreement that included a waiver of his right to file an appeal or any motion challenging his sentence. He was sentenced to 120 months in prison. In August 2020, Brown filed a counseled motion for compassionate release, arguing that his underlying medical conditions of hypertension, severe asthma, and "breathing issues" increased his risk of severe illness from COVID-19.[1] The Government opposed the motion. The District Court denied the motion, concluding that Brown had failed to demonstrate extraordinary and compelling circumstances warranting release. It further determined that even if

_____

[1] In his attached pro se motion, Brown mentioned allergies but not asthma. In an attached request for release submitted to prison officials, Brown listed only high blood pressure and heart disease as his medical problems. The Government asserted that Brown suffers only from hypertension.

2

Brown had shown such circumstances, consideration of the factors set forth in 18 U.S.C. § 3553 weighed against a reduction of his sentence.

Brown then filed a motion for reconsideration seeking to present more evidence of his medical conditions and his risk of being infected with COVID at his prison. The Government then informed the Court that Brown had received his first dose of the Pfizer vaccine in March 2021. The District Court denied the motion for reconsideration, concluding that Brown had not shown grounds for reconsideration and noting that his risk of developing severe illness had been drastically reduced. Brown filed a timely pro se appeal from both orders.

We have jurisdiction over the appeal under 28 U.S.C. § 1291. The Government requests that we enforce the appellate waiver in the plea agreement and summarily dismiss the appeal or, in the alternative, that we summarily affirm the District Court's orders.

We first consider whether the appellate waiver applies here, and we conclude that it does not. In his plea agreement, Brown agreed to waive "the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence is 120 months or below." See Ex. A to Gov't's Motion for Summ. Action at 4. Waivers should be strictly construed. United States v. Goodson, 544 F.3d 529, 535 (3d Cir. 2008). We enforce such a waiver

3

only if the issues come within the scope of the waiver, the waiver was entered knowingly and voluntarily, and enforcing the waiver would not cause a miscarriage of justice. United States v. Damon, 933 F.3d 269, 272 (3d Cir. 2019); see also Garza v. Idaho, 139 S. Ct. 738, 744 (2019).

We cannot say that Brown knowingly waived his right to appeal the denial of a motion for compassionate release. A defendant can only waive rights of which he is aware. United States v. Olano, 507 U.S. 725, 733 (1993) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'") (citation omitted). While the District Court addressed Brown's waiver of his right to a direct appeal during the plea colloquy,[2] it did not discuss his waiver of his right to collaterally attack or otherwise challenge his sentence. See Ex. B to Gov't's Motion for Summ. Action at 5-6, 15; Fed. R. Crim. P. 11(b)(1)(N) (providing that the District Court must determine that defendant knows and understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence"); United States v Chavez-Salais, 337 F.3d 1170, 1174 (10th Cir. 2003) (deciding that the defendant had not waived his right to seek relief under § 3582 because his plea colloquy did not clearly inform him that his waiver would cover § 3582 motion).

---

[2] It appears clear from the transcript that by discussing Brown's waiver of his right to appeal, the District Court was referring to Brown's right to a direct appeal and not an appeal from the denial of a motion for compassionate release.

4

Moreover, at the time of Brown's plea in 2016, a defendant was not able to move for compassionate release on his own behalf.  18 U.S.C. § 3582 (2016).  The First Step Act of 2018 amended the statute to allow a defendant to do so.  See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  Thus, it may be argued that Brown could not waive a right which was not in existence at the time of his plea.  See United States v. Burrill, 445 F. Supp. 3d 22, 25 (N.D. Cal. 2020) (holding that defendant could not waive right to move for sentence reduction under First Step Act because he could not knowingly waive rights not in existence at time of plea).

We also note that some of our sister circuits have questioned whether a waiver like Brown's (in which he waived his right to bring any other motion which "challenges" his sentence) would bar his § 3582 motion (in which he sought to reduce his sentence in light of COVID but did not dispute the original reasons for it).  The Tenth Circuit has held that a motion pursuant to § 3582 would not be clearly understood to fall within a "collateral attack" barred by the defendant's plea agreement because the defendant did not seek to "challenge" his sentence but to "modify" it.  United States v Chavez-Salais, 337 F.3d 1170, 1173 (10th Cir. 2003); see also United States v. Cooley, 590 F.3d 293, 297 (5th Cir. 2009) (holding that a § 3582(c)(2) motion is not an appeal or collateral attack barred by a plea waiver).

For these reasons, we decline to enforce the appellate waiver.  We will grant the Government's motion for summary action and summarily affirm the District Court's

5

ruling because the underlying merits of the appeal fail to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (allowing affirmance on any basis supported by the record).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). We review the District Court's order denying the motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment after weighing the relevant factors. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

Here, the District Court determined that that the time remaining on Brown's sentence, his criminal history, and the need for the sentence to reflect the seriousness of the crime and afford adequate deterrence weighed against a reduction of his sentence. Regardless of whether Brown's medical issues and COVID-19 risk constituted extraordinary and compelling reasons, the District Court did not abuse its discretion in denying a sentence reduction based on its weighing of the § 3353 factors. Brown's offense—conspiring to distribute heroin—is serious, and at the time of the denial of his motion, he had nearly half of his sentence remaining. See 18 U.S.C. § 3553(a)(1) & (2)(A) & (C) (including the nature and circumstances of the offense and protection of the

6

public as sentencing factors as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"); Pawlowski, 967 F.3d at 330 (concluding that the amount of time remaining to be served in an inmate's sentence is an appropriate consideration under § 3582(c)(1)(A)). The District Court did not commit a clear error of judgment in its consideration and weighing of the relevant factors.

Nor did the District Court abuse its discretion in denying the motion for reconsideration. United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018) (noting that denial of a motion for reconsideration is reviewed for abuse of discretion). In his motion for reconsideration, Brown did not challenge the District Court's weighing of the § 3353 factors.

As the District Court clearly did not abuse its discretion in denying Brown's motion for a sentence reduction or his motion for reconsideration, the merits of the appeal do not present a substantial question. Accordingly, we grant the Government's motion for summary action. Although we decline to summarily dismiss this matter on the basis of the appellate waiver, we grant its request for summary affirmance, and we will summarily affirm the District Court's judgment.