**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JARROD DEMAR MANSKER,

    Defendant - Appellant.

No. 24-5128
(D.C. No. 4:23-CR-00342-SEH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Jarrod Demar Mansker pleaded guilty to one count of domestic assault by a habitual offender in Indian Country. *See* 18 U.S.C. §§ 1151, 117(a)(1). The district court imposed a sentence of time served and three years of supervised release. Just weeks after his supervised release began, Mansker was arrested for violating the conditions of his supervised release. The district court revoked his supervised release and imposed a sentence of two years' confinement.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mansker appealed, but his attorney has moved to withdraw as counsel and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), because he can find no nonfrivolous ground for appeal. Counsel and the court notified Mansker of the filings. He has not responded, and the government will not file a response.

We agree with counsel that the record holds no meritorious grounds for appeal. Having conducted an independent review of the record as required by *Anders*, 386 U.S. at 744, we exercise our jurisdiction under 28 U.S.C. § 1291 and **GRANT** counsel's motion and **DISMISS** this appeal.

## I. Background

In December 2023, Mansker pleaded guilty to violating 18 U.S.C. §§ 1151, 117(a)(1)—domestic assault by a habitual offender in Indian Country. He entered a plea agreement with the government, which contained an appeal waiver. Mansker waived his "rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any . . . term or condition of supervised release, or sentence imposed upon a revocation of supervised release." R. Vol. I at 75.

The district court accepted the plea and scheduled the matter for sentencing several weeks later. But prior to sentencing, Mansker violated the conditions of his pretrial release, so a warrant issued for his arrest. Following a detention hearing, the magistrate judge released him, but Mansker soon found his way back to the courtroom: he again violated his pretrial-release conditions. This time the magistrate judge ordered him detained until sentencing.

2

The district court ultimately sentenced Mansker on August 14, 2024. The judge sentenced him to time served, followed by three years of supervised release. His supervised release therefore began immediately. But it did not last long because about three weeks later, Mansker was arrested for violating the conditions of his supervised release.

The district court then revoked his supervised release. The court held a revocation hearing and determined that Mansker had violated several conditions of his supervised release—failing to report a change in his residence, failing to submit urine specimens, failing to attend mental health treatment, and using drugs. The court revoked his supervised release and set the matter for sentencing. And at sentencing, the district court explained that the Guidelines recommended imprisonment of eight to fourteen months, and that the statutory maximum was 24 months' imprisonment. The district court sentenced Mansker to 24 months' imprisonment.

Mansker appealed. The government moved to enforce Mansker's appeal waiver, but we denied that motion without prejudice because the waiver's scope did not clearly encompass Mansker's appeal here. Counsel has now filed an *Anders* brief and moved to withdraw as counsel.

## II.    Discussion

Appointed counsel may withdraw from representation if they find the case "wholly frivolous, after a conscientious examination" of the case. *Anders*, 386 U.S. at 744. Counsel must submit to the court "a brief referring to anything in the record

3

that might arguably support the appeal." *Id.* The appellant must be apprised of the filing and given a chance to respond. *Id.* Then the court examines the record "to decide whether the case is wholly frivolous." *Id.* And if the court concludes it is, then it may "grant counsel's request to withdraw and dismiss the appeal." *Id.*

Counsel has satisfied *Anders*'s procedural requirements. He has filed a brief setting out any arguable ground for appeal and concluded that all are frivolous. The court and counsel informed Mansker of the filing, and he has not responded.

We now independently examine the proceedings to determine whether any meritorious grounds for appeal exist. None do. Mansker entered a plea agreement under which he waived his right to appeal the "sentence imposed upon a revocation of supervised release." So first we consider whether that waiver is valid and enforceable, and next consider whether any grounds for appeal fall outside of the waiver's scope.

We enforce an appeal waiver when (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) "the defendant knowingly and voluntarily waived his appellate rights," and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). When the waiver is ambiguous, the court "construe[s] the waiver narrowly, 'according to . . . what the defendant reasonably understood when he

4

entered his plea.'" *United States v. Wilken*, 498 F.3d 1160, 1168–69 (10th Cir. 2007) (quoting *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003)).[1]

This appeal encompasses two potential challenges: one to the district court's finding that Mansker violated the conditions of his supervised release, the other to the district court's sentence of two years' confinement. Mansker waived an appeal of the "sentence imposed upon a revocation of supervised release." R. Vol. I at 75. So the waiver's plain text covers a challenge to Mansker's two-year sentence. But "sentence" does not encompass "conviction," or in the revocation context, a finding that the defendant violated the terms of his supervised release. *See United States v. Loumoli*, 13 F.4th 1006, 1009 (10th Cir. 2021) ("[N]o defendant would have 'reasonably understood' the term 'sentence' . . . to include convictions." (quoting *Wilken*, 498 F.3d at 1168)). The two terms represent different stages in the criminal adjudication process—guilt and punishment. To the extent that the "sentence" is ambiguous, we construe ambiguous waivers narrowly and "against the Government," *Hahn*, 359 F.3d at 1325 (quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)). We therefore conclude that Mansker's waiver only encompasses his challenge to the district court's two-year sentence.

---

[1] Though the government did not raise the appeal waiver in its letter, it moved for enforcement of the waiver, and that is enough to avoid forfeiting the issue. *See United States v. Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005) (refusing to consider appeal waiver because government did not raise it in an *Anders* letter or move to enforce the waiver).

The waiver also satisfies the other two elements. To determine whether a defendant knowingly and voluntarily entered an appeal waiver, we consider "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," *Hahn*, 359 F.3d at 1325 (citing *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)), and whether the record reflects "an adequate" Rule 11 colloquy, *id.* (citing *Andis*, 333 F.3d at 891). And though both factors together "will often be conclusive," a plea agreement's express language—"if sufficiently clear, detailed, and comprehensive"—will demonstrate a knowing and voluntary waiver. *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013).

Mansker's agreement contained express language that was sufficiently clear, detailed, and comprehensive to waive his right to appeal. The plea agreement provided that Mansker "expressly acknowledges that counsel has explained his appellate and post-conviction rights; that [he] understands his rights; and that [he] knowingly and voluntarily waives those rights as set forth above." R., Vol. I at 74. The plea agreement set out, as relevant here, those appellate rights: "The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal . . . [a] sentence imposed upon a revocation of supervised release." *Id.* Mansker initialed and signed that portion of the plea agreement. Mansker therefore knowingly and voluntarily waived his right to appeal. Finally, enforcing the waiver would not wreak manifest injustice because none of the *Elliott* scenarios are present. *See Hahn*, 359 F.3d at 1315 (explaining that miscarriage of justice occurs only if "the district court relied on . . . race," "ineffective assistance of counsel . . . renders the waiver

6

invalid," "the sentence exceeds the statutory maximum," or "the waiver is otherwise

unlawful" (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001))).

Because the appeal waiver is enforceable, we conclude that any challenge to

the district court's imposition of two years' confinement is a frivolous ground for

appeal.

But even though the waiver precludes Mansker's appeal of the sentence, the

waiver does not preclude a challenge to the district court's revocation. Mansker's

counsel explains that no meritorious ground exists to appeal the revocation of

Mansker's supervised release. We agree. The district court's factual findings that

Mansker violated the conditions of his supervised release rested on plausible

evidence in the record. Those findings are therefore not clear error by the district

court. *See United States v. Chavez*, 734, F.3d 1247, 1250 (10th Cir. 2013)

(explaining that "[a] finding of fact is not clearly erroneous unless it is without

factual support in the record" or the reviewing court has a "definite and firm

conviction that the district court erred"). Any challenge to the district court's

revocation is thus a frivolous ground for appeal.

## III.   Conclusion

We have examined the proceedings below and conclude that no nonfrivolous ground exists that would support Mansker's appeal.  We therefore grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge