**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JOSEPH J. "SONNY" RAMIREZ,

  Defendant-Appellant.

No. 04-8101
(D. Wyo.)
(D.Ct. No. 03-CV-53-J)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

Appellant Joseph J. Ramirez, a federal inmate first appearing *pro se* and

then by counsel, seeks a certificate of appealability to appeal the district court's

order dismissing his motion to vacate, set aside, or correct his sentence pursuant

to 28 U.S.C. § 2255. Because Mr. Ramirez fails to make a "substantial showing

of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), we

deny his request for a certificate of appealability and dismiss his appeal.

The following relevant facts apply in the disposition of this appeal. Mr.

Ramirez participated in a drug conspiracy which originally began in 1998. In

1999, while Mr. Ramirez was a participant in the conspiracy, the Wyoming Division of Criminal Investigation executed a search warrant at Mr. Ramirez's home and, during the search, found 9.9 grams of cocaine in his pocket. He pled guilty to felony possession of a controlled substance in the State of Wyoming and was sentenced to twelve to twenty-four months in the Wyoming State Penitentiary. On November 2, 2000, after serving twelve months, he was paroled, with his parole ending June 11, 2001. In April 2001, Mr. Ramirez renewed his participation in the conspiracy, for which the federal government eventually indicted him several months later, in November 2001. Mr. Ramirez pled guilty to one count of a four-count federal indictment for conspiracy to possess with intent to distribute and to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

Prior to pleading guilty, Mr. Ramirez entered into a plea agreement in which, in exchange for his guilty plea, the government agreed, in part, to dismiss the remaining counts against him. In return, Mr. Ramirez waived his right to appeal the sentence he received, except with respect to criminal history category points. In so doing, he acknowledged his attorney explained the charges against him, including the nature and elements of the crimes charged, the maximum and minimum penalties to which he could be subjected, and all of his constitutional

rights, together with the consequences of waiving those rights. The parties also stipulated and agreed his relevant conduct in the conspiracy involved more than 1.5 kilograms but less than five kilograms of methamphetamine. Mr. Ramirez acknowledged his understanding the sentencing judge was not a party to the agreement and could impose whatever sentence he determined was just within the framework of the Federal Sentencing Guidelines and other applicable federal law, and that Mr. Ramirez had no right to withdraw his guilty plea, once voluntarily made, on the basis he received a sentence different from the recommendation made by either the government or his counsel.

Following Mr. Ramirez's plea, the probation officer considered the amount of drugs attributed to Mr. Ramirez during the conspiracy for use in determining his relevant conduct. Rather than the 1.5 to five kilograms of methamphetamine agreed to by the parties for use in calculating Mr. Ramirez's relevant conduct, which would have resulted in a base offense level of 34, the probation officer determined the most conservative amount of drugs for use as relevant conduct consisted of 9.27 kilograms of methamphetamine, 463.5 grams of cocaine, and 2,268 grams of marijuana, for a total marijuana equivalency amount of 18,639.29 kilograms, resulting in a base offense level of 36. *See* United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.) ch. 5, pt. A (Sentencing Table)

(2003).

In addition, instead of applying Mr. Ramirez's prior Wyoming conviction to his criminal history for the purposes of determining his federal sentence, the probation officer used the drug amount involved in that conviction, 9.9 grams of cocaine, to calculate his relevant conduct, which the district court later determined did not affect his base offense level of 36 because the amount of methamphetamine attributed to Mr. Ramirez for the conspiracy already placed him at an offense level of 36. As the district court concluded, if the probation officer had used Mr. Ramirez's prior conviction to calculate his criminal history, it would have increased six points, resulting in much longer sentence. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table) (2003).

During the sentencing hearing on the federal charges, Mr. Ramirez's attorney requested twelve months credit for the time Mr. Ramirez served for his prior Wyoming conviction, stating as follows:

> The other thing I would point out is that I think probation and parole said that he ought to get 12 months credit for the time he did in the penitentiary because it is the same conspiracy. Makes a lot of sense to me that he should get that, even though he got out and got back into the same situation he was before ... so I would ask he be given 168 months based upon that level 36, that the sentence be reduced by the 12 months, which would be 156 [months imprisonment] ....

The district court declined to give Mr. Ramirez twelve months credit, explaining no undischarged term of imprisonment existed, as required under U.S.S.G. § 5G1.3, and also because it did not intend to use Mr. Ramirez's prior conviction to calculate his criminal history. After reducing Mr. Ramirez's offense level by three levels for acceptance of responsibility, the district court sentenced Mr. Ramirez to 168 months imprisonment and dismissed the remaining drug counts against him. Mr. Ramirez did not appeal his conviction and sentence.

One year after receiving his conviction and sentence, Mr. Ramirez filed a § 2255 motion to correct his sentence, alleging sentencing errors occurred in using his prior Wyoming conviction for 9.9 grams of cocaine as relevant conduct, and that each error occurred as a result of ineffective assistance of counsel. Specifically, Mr. Ramirez alleged: 1) the district court should have credited him with time served for his Wyoming conviction, even though his sentence for that conviction was already discharged; 2) his prior Wyoming conviction was invalid; and 3) generally, the drug amount involved in his prior Wyoming conviction could not be used as relevant conduct for the purpose of calculating his sentence.

After analyzing Mr. Ramirez's claims under the applicable standards, the district court determined: 1) his claims were procedurally barred because he did

not appeal them and they failed to meet the requisite exceptions for actual prejudice or a miscarriage of justice, and 2) he did not establish ineffective assistance of counsel because his counsel's performance under the circumstances presented was not ineffective. More specifically, the district court determined Mr. Ramirez's counsel did not act ineffectively because: 1) § 5G1.3 did not apply to his sentence, as it pertains only to undischarged sentences[1] and Mr. Ramirez's state sentence had already been discharged; 2) Mr. Ramirez's trial attorney requested the twelve-month credit, and Mr. Ramirez failed to show his performance in that area was defective; 3) Mr. Ramirez provided no evidence to establish his Wyoming conviction was invalid; and 4) no such errors occurred with respect to the presentence report as it accurately characterized his prior conviction and explained his discharge from the state sentence occurred prior to his indictment on federal charges in November 2001 but during the conspiracy on which the federal charges were based.

---

[1] Section 5G1.3 is entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment" and, in part, advises that: a) if an instant offense is committed while the defendant is serving a term of imprisonment (including work release, furlough, or escape), the sentence should be imposed consecutively to the undischarged term of imprisonment; and b) if subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) fully taken into account in the offense level for the instant offense, the sentence for the instant offense should be imposed to run concurrently to the undischarged term of imprisonment. *See* U.S.S.G. § 5G1.3(a) & (b).

Because Mr. Ramirez's prior state conviction involved possession of a controlled substance, the district court also determined its inclusion in the presentence report as part of the relevant conduct drug calculation benefitted Mr. Ramirez more than if it had been treated as a prior conviction, because his base offense level remained at 36; however, had it been included in his criminal history score, it would have increased his criminal history category from III to V and to a sentencing range of 210 to 262 months, rather than the 168 months imprisonment imposed. With respect to an untimely filed supplemental memorandum of law submitted by Mr. Ramirez, the district court pointed out he filed his original § 2255 motion on March 17, 2003, stating a memorandum of law would follow expanding on the issues raised, but he did not file it until after the court's July 9, 2003 denial of his request for an extension of time to file the memorandum.

Thereafter, Mr. Ramirez filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) asking, in part, for the court to reconsider his memorandum of law. The district court denied the motion, explaining the memorandum was filed four months after his original § 2255 motion and, on review, "it provides the Court with no reason to believe that its decision to issue an order denying his § 2255 motion was in error."

On appeal, Mr. Ramirez, in his *pro se* capacity, renews his request for a certificate of appealability and for the first time on appeal raises a vague and general argument his sentence is unconstitutional based on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). In another document, he claims the district court improperly used the "extra quantities" in the presentence report to sentence him. Because Mr. Ramirez fails to advise us which facts or "extra" drug quantities should have been decided by a jury, we presume he is referring to the use of the 9.9 grams of cocaine from his Wyoming conviction to assess his relevant conduct, as raised before the district court in his § 2255 motion. Similarly, the only reference Mr. Ramirez makes with respect to his underlying ineffective assistance of counsel claims is in his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, in which he says the issues on appeal include "ineffective assistance of counsel."

Following Mr. Ramirez's filing of pleadings in this appeal, this court granted Mr. Ramirez's motion to allow newly retained counsel to supplement the record and file a supplemental brief on appeal. Appellate counsel admittedly reiterates the very contentions contained in Mr. Ramirez's *pro se* memorandum of law which the district court determined was untimely filed but alternatively reviewed and determined did not show an error occurred in dismissal of his

§ 2255 motion.

Specifically, Mr. Ramirez's counsel asserts the district court erred in not granting Mr. Ramirez a hearing on his § 2255 motion in order to determine if his trial counsel acted ineffectively by failing to: 1) investigate and interview an unidentified co-defendant; 2) properly represent the consequences of "relevant conduct"; 3) explain and advise Mr. Ramirez with respect to the pertinent sentencing guidelines; and 4) properly represent the effect of waiving the right to appeal in order to induce Mr. Ramirez to enter into a plea agreement. In support of these allegations, Mr. Ramirez's counsel claims the district court: 1) should have considered allegations contained in Mr. Ramirez's *pro se* memorandum even if it was untimely filed; 2) improperly rejected Mr. Ramirez's allegations of ineffective assistance of counsel based on its own knowledge and personal recollections of Mr. Ramirez's case; and 3) should have directed Mr. Ramirez to submit affidavits of the co-defendant and family members in support of his ineffective assistance claims. Counsel also contends *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), should apply retroactively to Mr. Ramirez's § 2255 motion, regardless of his admitted acknowledgment of our precedent holding otherwise.

An appeal may not be taken from a final order in a § 2255 proceeding without a certificate of appealability. 28 U.S.C. § 2253(c)(1). In order for a movant to be entitled to a certificate of appealability, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, the district court denied Mr. Ramirez's claims as procedurally barred, except for his claims of ineffective assistance of counsel, which it dismissed on the merits. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation marks and alteration omitted); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. These are threshold inquiries we apply to determine whether we may entertain an appeal. *Miller-El,* 537 U.S. at 336.

In order to make these threshold inquiries, we take direction from the law

-10-

applicable to the procedural and substantive issues before us. With the exception of ineffective assistance of counsel claims, we generally will not consider collateral attacks on issues a defendant fails to raise on direct appeal unless the defendant can show the requisite cause and prejudice or otherwise show a manifest injustice will occur if the claims are barred. *See United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996); *United States v. Wright*, 43 F.3d 491, 497-98 (10th Cir. 1994). As to claims not raised before the district court during the collateral proceeding, we generally will not consider them for the first time on appeal. *See Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000); *Walker v. Mather* (*In re Walker*), 959 F.2d 894, 896 (10th Cir. 1992). Regarding issues raised before the district court, we review the district court's legal rulings on a § 2255 motion *de novo* and its findings of fact for clear error. *See United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998). We review a district court's decision whether to allow amended or supplemental pleadings for an abuse of discretion. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503 (10th Cir. 2000). We have held:

> an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.

*Id.* at 505.

In this case, Mr. Ramirez did not file a direct appeal nor did he show the requisite cause and prejudice or miscarriage of justice necessary for review of claims not raised on direct appeal, thereby leaving the district court to consider only his ineffective assistance of counsel claims. The district court reached the merits of those ineffective assistance of counsel claims without any determination of whether they were waived in the plea agreement. Nevertheless, his counsel now asserts waiver cannot apply because Mr. Ramirez's trial counsel acted ineffectively in failing to explain the consequences of waiver to Mr. Ramirez. Therefore, we briefly address this contention.

We have held that a plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver, and that "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (*en banc*), we applied a three-part test to determine whether a defendant can appeal his sentence despite waiving his appellate rights. Our test includes a determination of whether: 1) the disputed appeal falls within the scope of the waiver of appellate rights; 2) the defendant

-12-

knowingly and voluntarily waived his appellate rights; and 3) enforcing the waiver would result in a miscarriage of justice. *Id.* at 1325. The "language of the plea agreement itself" is generally sufficient to show the scope of the waiver and whether the content of the agreement was made known to the defendant. *United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003). If the "terms of [a] lawful plea agreement[] ... explicitly waived the right to appeal or to collaterally attack a sentence under 28 U.S.C. § 2255," the defendant is bound. *Id.* A miscarriage of justice occurs in any of four circumstances: 1) where the district court relied on an impermissible factor such as race; 2) *where the waiver is rendered invalid due to ineffective assistance of counsel in connection with the negotiation of the waiver,* 3) where the sentence exceeds the statutory maximum; or 4) where the waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1327.

In this case, we rely solely on the plea agreement as neither Mr. Ramirez nor his counsel has provided the plea hearing transcript or portions of the colloquy therein. The explicit terms of the waiver agreement clearly show any direct appeal fell within the scope of the waiver of appellate rights, and Mr. Ramirez knowingly and voluntarily waived those rights. It does not, however, explicitly state he waived his right to bring a collateral action, which is most likely the reason the district court addressed the merits of the ineffective

-13-

assistance of counsel claims, rather than finding them waived under the plea agreement.

Nevertheless, Mr. Ramirez's counsel suggests a miscarriage of justice occurred with respect to the ineffective assistance of Mr. Ramirez's trial counsel in not fully representing the effect of waiving the right to appeal. However, the record on appeal does not support such a claim in the context of either a direct appeal or collateral attack, as Mr. Ramirez fails to provide any cite or portion of the record which supports his claim of ineffective assistance of counsel. We have long held failure of the defendant to provide those portions of the record on appeal which support his claims will result in affirmance. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). Moreover, we need not consider this or Mr. Ramirez's other claims which he failed to raise in his initial § 2255 motion before the district court,[2] *see Jones*, 206 F.3d at 958, and which were subsequently

---

[2] Even if we considered the claims not raised in the § 2255 motion before the district court, we would conclude Mr. Ramirez has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). For instance, with respect to evidentiary hearings, a district court is not required to conduct such a hearing if the "motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Lopez*, 100 F.3d at 119 (quotation marks and citations omitted). Having reviewed the record before us on appeal, the record is devoid of the hearing transcripts or pleadings on the issue, and we can discern nothing from the record before us which shows Mr. Ramirez is entitled to relief for the purpose of triggering an evidentiary hearing or a claim of ineffective assistance of counsel. The same is true with respect to Mr. Ramirez's new claims on appeal that his trial counsel failed to properly

contained in a supplemental pleading that the district court determined was untimely filed. With respect to the latter, the district court clearly did not abuse its discretion in finding the supplemental memorandum of law was untimely filed, given: 1) Mr. Ramirez did not file it until four months after the initial § 2255 motion and one month after the government's response to that motion; 2) nothing in the record on appeal explains any excuse for delay in its filing; and 3) the memorandum clearly sought to add new claims not originally contained in the § 2255 motion.

As to the ineffective assistance of counsel issues raised in Mr. Ramirez's § 2255 motion and addressed by the district court, he must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. at 687. Pursuant to *Strickland*, a defendant must first show his attorney acted deficiently by making errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, a defendant must show how the deficient

---

investigate his case, interview an unnamed or unidentified co-defendant, represent the consequences of "relevant conduct," or explain and advise Mr. Ramirez with respect to the pertinent sentencing guidelines. In each instance, the record on appeal either does not support these claims or is inadequate for us to make a determination. As previously noted, it is the defendant's responsibility to provide those portions of the record on appeal which support his claims. *See Scott*, 216 F.3d at 912. Moreover, Mr. Ramirez does not explain how his counsel's conduct with respect to these claims prejudiced him, as required for a successful ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

performance prejudiced the defense. *Id.*

In this case, the district court explained Mr. Ramirez's trial counsel did not act ineffectively because U.S.S.G. § 5G1.3 does not apply to discharged sentences for the purpose of crediting Mr. Ramirez with time served under his state conviction; he provided no evidence to establish his Wyoming conviction was invalid for the purpose of establishing his counsel should have raised such an issue; and the use of his prior state conviction to determine his relevant conduct drug calculation did not prejudice him because its treatment as a prior conviction would have substantially raised his criminal history score and resulting sentence. Under the circumstances presented, Mr. Ramirez has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338; *Slack*, 529 U.S. at 484.

Finally, with respect to Mr. Ramirez's *Blakely* and *Booker* claims, we have determined these principles do not apply retroactively to cases on collateral review. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir.), *petition for cert. filed*, (U.S. May 31, 2005) (No. 04-10694).

Applying the foregoing legal principles, and after conducting a thorough review of the pleadings, record on appeal, and the district court's decision, we conclude Mr. Ramirez fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Thus, we **DENY** his request for a certificate of appealability and **DISMISS** his appeal. We further **DENY** his motion for leave to proceed on appeal without prepayment of fees.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge