NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided May 13, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2673

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 03-30137-01-GPM |
| DARRON J. MURPHY, SR., *Defendant-Appellant.* | G. Patrick Murphy, *Judge.* |

## O R D E R

Darron Murphy appeals from an order correcting the written judgment in his criminal case. Murphy was convicted in 2004 on charges arising from a crack conspiracy. One of the five counts charged him with using a gun during the conspiracy. That count carried with it a prison term that by statute could not run concurrently "with any other term of imprisonment." *See* 18 U.S.C. § 924(c)(1)(A), (D)(ii). At sentencing the district court stated as follows:

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

> As to Counts 1 and 3 he is sentenced to 120 months. This is what the statute provides. Now I'm going to skip to Counts 4 and 5 because there the statute calls for 151 to 188 months. Then we go to the—to Count 2, which is 84 months but it has to run consecutive. . . . Accordingly, I'm going to sentence you to the very low end of the guideline on Counts 4 and 5 and give you 151 months. But of course that has to run consecutively to Count 2, which is 84 months. So you have a sentence of 235 months.

The written judgment explicitly identifies the "total term" of imprisonment as "235 months" but purports to arrive at that figure by making the 120- and 151-month terms fully concurrent and then running the 84-month term on the § 924(c)(1) count consecutive to the 120-month terms. Read literally, the written judgment would yield a total period of imprisonment of 204 months.

That is how things stood until late 2007 when Murphy moved under 18 U.S.C. § 3582(c) for a lower sentence based on the Sentencing Commission's retroactive reduction in the base offense levels for some crack offenses. In reviewing that motion the district court noted that the written judgement appeared to be inaccurate. The court notified the parties of its intention to issue a corrected judgment under Federal Rule of Criminal Procedure 36 and invited objections. When neither side responded, the court issued an Order Correcting Judgment, stating unequivocally that the 84-month term will not commence until the other four terms—all concurrent—have been served.

On appeal Murphy concedes that Rule 36 allows a district court to correct a "clerical error" at any time, *see* FED. R. CRIM. P. 36, but he contends that errors in preparing a judgment of conviction are "judicial" errors outside the scope of Rule 36. We disagree. An unambiguous pronouncement from the bench controls over a conflicting written judgment, *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005); *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998), and Rule 36 empowers a sentencing court to correct the written judgment, even *sua sponte*, when a mistake is discovered, FED. R. CRIM. P. 36; *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006); *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004); *United States v. Becker*, 36 F.3d 708, 709-10 (7th Cir. 1994). The transcript of Murphy's sentencing hearing confirms that the 84-month term is to commence after he completes all four of his other prison terms, not after 120 months. The written judgment not only contradicts the oral pronouncement, but it would lead to an unlawful concurrent sentence on the § 924(c)(1) count by starting the 84-month term before Murphy completes the 151-month terms. The district court was thus correct to remedy the mistake in the written judgment.

AFFIRMED.