In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2945

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN Q. MONROE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:00-cr-00007-1.1—**Larry J. McKinney**, *Judge*.

ARGUED JANUARY 15, 2009—DECIDED SEPTEMBER 1, 2009

Before RIPPLE, MANION and EVANS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* John Q. Monroe pleaded guilty to possession with intent to distribute more than fifty grams of cocaine base. The district court accepted Mr. Monroe's plea. Applying a departure from the man-datory minimum sentence as permitted by U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553, the court sentenced Mr. Monroe to 168 months' imprisonment. Mr. Monroe later filed a motion for a reduction in the length of his sentence under 18 U.S.C. § 3582(c)(2). The district

court denied the motion, and Mr. Monroe subsequently filed an appeal from that decision. For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

Mr. Monroe was charged by indictment with one count of possession with intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The Government later filed an information under 21 U.S.C. § 851, alleging that Mr. Monroe had a prior felony drug conviction.[1] Because of that prior conviction, Mr. Monroe faced a mandatory minimum sentence of 240 months' imprisonment if convicted of

---

[1] 21 U.S.C. § 851(a) provides that:

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon. . . .

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

the charged offense.[2] He subsequently entered into a plea agreement in which he agreed to cooperate with the Government in exchange for its promise to recommend a departure from the applicable offense level under U.S.S.G. § 5K1.1[3] and 18 U.S.C. § 3553(e).[4] In exchange for the Government's concessions, Mr. Monroe

> expressly waive[d] his right to appeal the convictions and any sentence imposed within the statutory maximum on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, he also expressly agree[d] not to contest his sentence or the manner in which it was determined in any collateral

---

[2] *See* 21 U.S.C. § 841(b)(1)(A) ("If any person [manufactures, distributes, or dispenses a controlled substance, or possesses a controlled substance with the intent to do so] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . .").

[3] U.S.S.G. § 5K1.1 permits a departure from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."

[4] "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e).

> attack, including, but not limited to, an action brought under 28 U.S.C. § 2255.

R.20 at ¶ 18.

The district court accepted Mr. Monroe's guilty plea. At his subsequent sentencing hearing, the district court adopted the findings in the presentence investigation report, which indicated that Mr. Monroe's base offense level was 36 and his criminal history category was IV. The court then applied a three-level reduction based on Mr. Monroe's acceptance of responsibility, resulting in an adjusted offense level of 33 and a corresponding sentencing range of 188 to 235 months' imprisonment. The court noted, however, that as a result of the information filed under 21 U.S.C. § 851(a), Mr. Monroe faced a mandatory minimum sentence of 240 months' imprisonment. This mandatory minimum sentence therefore became, in effect, the "guidelines sentence."[5] The court then granted the Government's motion for a downward departure based on Mr. Monroe's substantial cooperation and sentenced Mr. Anderson to 168 months' imprisonment.

On November 1, 2007, Amendment 706 to the Sentencing Guidelines took effect.[6] The amendment reduced the base offense levels for drug offenses involving

---

[5] *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

[6] U.S.S.G. Supp. to App. C, 226-31 (2008) ("Amendment 706").

cocaine base by two levels.[7] Several months later, in March 2008, Mr. Monroe filed a pro se motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in the length of his sentence in light of Amendment 706.[8] In response to that motion, Probation Officer Robert Akers filed a memorandum concluding that Mr. Monroe was ineligible for any reduction under Amendment 706 because that amendment did not affect his sentencing range, which was equivalent to the statutory minimum sentence. The Government concurred with the probation officer's position. Mr. Monroe's counsel then filed a memorandum in support of Mr. Monroe's motion. He contended that the Government's motion for a reduction in the length of Mr. Monroe's sentence rendered the mandatory minimum sentence inapplicable to Mr. Monroe, thereby permitting a reduction in Mr. Monroe's sentence under Amendment 706.

The district court denied Mr. Monroe's motion without discussing the applicability of Amendment 706; instead, the court stated only that it "[had] considered

---

[7] U.S.S.G. Supp. to App. C, 230; *see also*, *e.g.*, *United States v. Harris*, 567 F.3d 846, 855 (7th Cir. 2009).

[8] 18 U.S.C. § 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

the relevant factors in U.S.S.G. § 1B1.10(b) and 18 U.S.C. § 3553(a) and [had] determined [that] a sentence reduction [was] not appropriate." R.47. Mr. Anderson subsequently filed this appeal.

## II

## DISCUSSION

Mr. Monroe submits that the district court's order denying his motion for a reduction in the length of his sentence is infirm because it does not state with sufficient specificity the reason for the court's denial. Consequently, he argues, it is impossible for him to challenge the district court's ruling or for this court to conduct a meaningful review of the decision. The Government responds that, under the terms of the plea agreement, Mr. Monroe waived his right to challenge his sentence under 18 U.S.C. § 3582(c)(2). It further argues that, even if Mr. Monroe did not waive his right to seek a reduction in the length of his sentence, the district court properly denied his motion because Amendment 706 did not have any impact on the mandatory minimum sentence on which Mr. Monroe's sentence was based.

### A.

We turn first to the question of whether, under the terms of his plea agreement, Mr. Monroe waived his right to seek a reduction in the length of his sentence under 18 U.S.C. § 3582(c)(2). The Government notes that Mr. Monroe agreed to the following provision:

> Monroe understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, Monroe agrees that, in the event the Court accepts the Section 5K1.1 statement filed by the government and grants him a reduction of at least two levels pursuant to the statement, he *expressly waives his right to appeal the convictions and any sentence imposed within the statutory maximum on any ground*, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, he also *expressly agrees not to contest his sentence or the manner in which it was determined in any collateral attack*, including, but not limited to, an action brought under 28 U.S.C. § 2255.

R.20 at ¶ 18 (emphasis added). In the Government's view, a motion under 18 U.S.C. § 3582(c)(2) is, in essence, a collateral attack. Therefore, the Government submits, Mr. Monroe clearly and unambiguously waived his right to seek a reduction in the length of his sentence when he agreed "not to contest his sentence . . . in any collateral attack." The Government contends that, because Mr. Monroe knowingly and voluntarily agreed to the unambiguous terms of the plea agreement, his waiver of his right to challenge his sentence should be enforced. *See United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001).

As a general matter, we interpret plea agreements in accordance with ordinary principles of contract law.

*United States v. Ingram*, 979 F.2d 1179, 1184 (7th Cir. 1992); *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). We shall "review the language of the plea agreement objectively," limiting "the parties' rights under the plea agreement . . . to those matters upon which they actually agreed." *United States v. Williams*, 102 F.3d 923, 927 (7th Cir. 1996) (citations omitted). When interpreting such agreements, however, we must bear in mind the special public-interest concerns that arise in the plea agreement context. As we consistently have recognized, plea agreements are "unique contracts" that implicate "the defendant's right to fundamental fairness under the Due Process Clause." *Ingram*, 979 F.2d at 1184 (citation and quotation marks omitted).[9] Thus, "[w]e review the language of the plea agreement objectively and hold the government to the literal terms of the plea agreement." *Williams*, 102 F.3d at 927. Therefore, when a plea agreement is unambiguous on its face, this court generally interprets the agreement according to its plain meaning. *See, e.g., Santobello v. New York*, 404 U.S. 257, 262-63 (1971) (remanding in light of the Government's clear breach of its unambiguous promise that it would not make a sentence recommendation). When the language of an agreement is ambiguous, however, "'the essence of the particular agreement and the Government's conduct relating to its obligations in that case' are determinative." *Carnine*, 974 F.2d at

---

[9] *See also United States v. Williams*, 102 F.3d 923, 927 (7th Cir. 1996); *United States v. Rourke*, 74 F.3d 802, 805 (7th Cir. 1996); *United States v. Bowler*, 585 F.2d 851, 853, 854 (7th Cir. 1978).

928 (quoting *United States v. Mooney*, 654 F.2d 482, 486 (7th Cir. 1981)).

Applying these principles, we cannot accept the Government's assertion that, under the terms of the plea agreement, Mr. Monroe clearly and unambiguously waived his right to seek modification of his sentence under 18 U.S.C. § 3582(c)(2). The plea agreement contains no language that references either that specific statute or, indeed, sentence reductions in general. Instead, the plea agreement contains only (1) Mr. Monroe's express waiver of his right to appeal his sentence, and (2) Mr. Monroe's express agreement that he would not "contest his sentence or the manner in which it was determined in any collateral attack." R.20 at ¶ 18. It is not at all clear from the language of the agreement that a motion for a subsequent reduction in the length of the sentence imposed falls into either of those two categories.

Because the agreement is ambiguous with respect to whether Mr. Monroe agreed that he would not seek a sentence reduction, we must interpret the terms of the agreement "in light of the parties' reasonable expectations." *United States v. Fields*, 766 F.2d 1161, 1168 (7th Cir. 1985) (citation and quotation marks omitted). From an objective reading of the text, we cannot say that the parties reasonably could have expected that, by signing the agreement, Mr. Monroe relinquished his right to seek a sentence reduction. In the waiver provision of the plea agreement, Mr. Monroe agreed that he would not "appeal" or "contest his sentence or the manner in

which it was determined in any collateral attack." R.20 at ¶ 18. The terms "appeal" and "collateral attack" are commonly used to describe legal, factual or procedural challenges to a court's decision.[10] The motion at issue in this case is fundamentally different from the legal challenges and assertions of error typically at issue in appeals and collateral attacks. By seeking a reduction in the length of his sentence under section 3582(c)(2), Mr. Monroe did not seek to impugn the district court's rationale, nor did he claim that the district court erred in any way by imposing a sentence of 168 months' imprisonment; instead, he simply asked the district court to consider revising his sentence in light of a development completely external to the court's original judgment, a change in the Sentencing Guidelines. Such a proceeding is of a fundamentally different character than an appeal or collateral attack.

The essential difference between Mr. Monroe's motion for a sentence reduction and an appeal or collateral

---

[10] *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (noting that collateral attacks are, in general, "extraordinary remedies that complain about the substance of, or proceedings that determined, a defendant's original sentence"); *see also, e.g., United States v. Richardson*, 558 F.3d 680, 681 (7th Cir. 2009) ("Richardson's motion to compel the government to file a Rule 35(b) motion can be construed as a collateral attack on his sentence under 28 U.S.C. § 2255."); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (characterizing the petitioner's claim that his prior conviction was constitutionally infirm as a collateral attack of his prior conviction).

attack is illustrated by the examples of waived conduct set forth in the plea agreement. The plea agreement lists two examples of proceedings encompassed by the terms of the waiver; the agreement specifically provides that Mr. Monroe waived "the right to appeal conferred by 18 U.S.C. § 3742," and agreed not to contest his sentence in "an action brought under 28 U.S.C. § 2255." R.20 at ¶ 18. Both of these examples involve claims that the sentence imposed by the sentencing court as part of its judgment was somehow erroneous or otherwise infirm; those statutes permit a defendant to seek review of a sentence when, for example, the sentencing court allegedly imposed a sentence in violation of the Constitution or laws of the United States, improperly applied the Sentencing Guidelines, or exceeded the maximum allowable sentence. *See* 18 U.S.C. § 3742; 28 U.S.C. § 2255. Such proceedings involve the review of a decision that, according to a defendant, was improperly or illegally made. Thus, the language and examples used in the plea agreement suggest that, in essence, Mr. Monroe agreed only that he would not raise any legal, factual or procedural *challenges* to the sentence imposed by the district court.

The statements made by Mr. Monroe during the plea colloquy support that understanding of the plea agreement. At the plea hearing, Mr. Monroe indicated only that he understood that he was giving up his right to appeal his sentence and his "right . . . to attack the manner in which the sentence was given." R.41 at 13. He did not agree that he would not seek a reduction in the length of his sentence in the event of a change in the law, nor does it appear from the transcript that

either the Government or the court ever suggested that such a waiver was included under the terms of the agreement.

The Government asserts that, according to our opinion in *United States v. Smith*, 241 F.3d 546 (7th Cir. 2001), "[a] challenge made pursuant to 18 U.S.C. § 3582(c) is essentially a collateral attack." Appellee's Br. 13. In *Smith*, a jury found the defendant guilty of conspiring to distribute crack cocaine. *Smith*, 241 F.3d at 547. Some time after his initial appeal, the defendant filed a motion for resentencing under 18 U.S.C. § 3582(c); the district court agreed that the defendant's sentence should be reduced. *Id.* The defendant, however, sought an *additional* reduction because the jury had not determined specifically the quantity of drugs distributed by the conspiracy. *Id.* It was the challenge to the lack of any such determination by the jury, rather than the motion under section 3582(c) itself, that we characterized as "a collateral attack." *Id.* at 548. We specifically noted that the issue of whether the jury should have made such a determination

> was a new issue, one not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines. It is instead the sort of contention usually raised by motion under 28 U.S.C. § 2255, and because the argument falls within the scope of § 2255 ¶ 1 we treat it as a collateral attack under that statute.

*Id.* at 548. Given this language, we cannot accept the Government's assertion that, under *Smith*, motions brought under section 3582(c)(2) are, in essence, collateral attacks.

Indeed, the situation before us is not unlike the one that confronted our colleagues in the Tenth Circuit in *United States v. Chavez-Salais*, 337 F.3d 1170 (10th Cir. 2003). There, under the terms of his plea agreement, the defendant had waived his right to bring any direct appeal from his conviction and agreed that he would not bring any collateral attack against that conviction. The court nevertheless held that the agreement did not preclude the defendant's filing and later appealing a motion under 18 U.S.C. § 3582(c)(2). Such a filing, ruled the court, was not a collateral attack aimed at overturning the defendant's original conviction and sentence. The court further emphasized that a defendant will not be held to have waived a right which is neither clearly mentioned in the plea agreement nor specifically addressed during the plea colloquy in open court. *See id.* at 1172-74.

Because of the due process concerns that arise in the context of plea agreements, we require that plea agreements "be carefully drawn and understood by all parties." *United States v. Cook*, 668 F.2d 317, 321 (7th Cir. 1982). We expect the Government to "draft plea agreements with particular care and precision to avoid . . . definitional pitfalls." *Carnine*, 974 F.2d at 928. The language of this plea agreement is, at best, ambiguous with respect to the question of whether Mr. Monroe relinquished his ability to seek a reduction in the length of his sentence under section 3582(c)(2). *See Chavez-Salais*, 337 F.3d at 1174 ("We are left with an ambiguity."). Given the terms of the plea agreement, the examples used in that agreement and the plea colloquy, we can say only that the

parties understood that Mr. Monroe was waiving his right to raise legal and procedural challenges to the methodology and analysis employed by the district court in rendering its judgment. That evidence does not establish that Mr. Monroe agreed to give up his right to seek a reduction in the length of his sentence based on a retroactive change in the Sentencing Guidelines, nor does it establish that, contrary to the usual interpretation,[11] the parties understood that the phrase "collateral attack" encompassed motions brought pursuant to section 3582(c)(2). Accordingly, we cannot conclude that,

---

[11] As the Tenth Circuit wrote in *Chavez-Salais*, 337 F.3d at 1172:

> The conventional understanding of "collateral attack" comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis. These are extraordinary remedies that complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction. It is by no means obvious that a defendant's motion *to modify* his sentence under 18 U.S.C. § 3582(c)(2), pursuant to a subsequent amendment in the Sentencing Guideline that was applied to his case, would be reasonably understood as a "collateral attack" on his sentence as opposed to a motion prospectively to modify a sentence based on events occurring after the original sentence was imposed. *Cf. United States v. Torres-Aquino*, No. 02-2075, 334 F.3d 939, 2003 U.S. App. LEXIS 13473 (10th Cir. July 2, 2003) (which similarly draws a distinction between § 2255 actions, which attack the original sentence, and § 3582(c)(2) actions, which do not attack the original sentence but only seek to modify it).

under the terms of the plea agreement, Mr. Monroe agreed not to seek a sentence revision when he agreed that he would neither appeal nor "contest his sentence or the manner in which it was determined." R.20 at ¶ 18.

**B.**

Having concluded that the terms of the plea agreement do not prevent Mr. Monroe from filing a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), we next consider whether the district court improperly denied that motion. Mr. Monroe initially claimed that the district court's ruling on this issue was procedurally inadequate because the court did not explain sufficiently its reasons for denying the motion. The Government, however, responded that the district court did not abuse its discretion by denying the motion. The Government submits that 18 U.S.C. § 3582(c)(2) permits a district court to modify a sentence only where the applicable sentencing range has been lowered. In its view, although Amendment 706 lowered the sentencing ranges for crack cocaine offenses in general, that amendment had no effect on Mr. Monroe's "sentencing range" because Mr. Monroe was sentenced in accordance with the mandatory minimum sentence, rather than in accordance with the sentencing range set forth in the Guidelines.

We must agree with the Government that Mr. Monroe is ineligible for a sentence reduction. After the briefs were filed in this case, but prior to oral argument, we decided *United States v. Poole*, 550 F.3d 676 (7th Cir. 2008), a case substantially similar to Mr. Monroe's. In *Poole*,

we concluded that the defendant, who had been convicted of distributing cocaine base and faced a mandatory minimum sentence of 120 months' imprisonment, was ineligible for resentencing under 18 U.S.C. § 3582(c)(2). *Id.* at 677, 678-79. Because the defendant had been sentenced in accordance with the statutory minimum, rather than in accordance with the otherwise-applicable guidelines range, we determined that the defendant's sentence "was 'based on' a statutory minimum, not a sentencing range that Amendment 706 lowered." *Id.* at 678. We reached that conclusion even though the district court had reduced the defendant's sentence to a term below the mandatory minimum as a result of her substantial assistance to the Government. *Id.* at 680. We noted that, even though the district court had granted a reduction under Federal Rule of Criminal Procedure 35(b), the "starting point" for issuing that reduction was the original statutory minimum sentence; thus, we concluded, "Poole's reduced sentence . . . was in no way based on or affected by her otherwise applicable sentencing range, which Amendment 706 would have lowered." *Id.*

We can see no principled basis for distinguishing this case from *Poole*. Therefore, we must conclude that our holding in *Poole* is determinative in this case. The "starting point" for Mr. Monroe's sentence was the statutory, mandatory minimum sentence; that minimum sentence was not reduced or otherwise affected by Amendment 706, which impacted only Mr. Monroe's base offense level, not his "sentencing range." Accordingly, because Mr. Monroe was not "sentenced to a term of imprison-

ment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), Mr. Monroe is ineligible to seek a sentence reduction.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED