NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009[*]
Decided December 8, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3660

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> BEN HICKMAN, JR., <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:05 CR 124 <br><br> James T. Moody, <br> *Judge.* |

## O R D E R

Ben Hickman pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and in his plea agreement he waived the right to appeal his conviction or sentence. The district court determined that Hickman was a career offender, *see* U.S.S.G. § 4B1.1, and calculated a guidelines imprisonment range of 188 to 235 months. But Hickman had cooperated with the government, so the court sentenced him to 120 months on the prosecutor's motion. *See* U.S.S.G. § 5K1.1.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

The Sentencing Commission later amended U.S.S.G. § 2D1.1 to reduce the base offense level for most crack offenses, and made that change retroactive. U.S.S.G. supp. to app. C, 221-26, 253 (2008) (Amendments 706 and 713). On that basis, Hickman asked the district court to reduce his prison sentence. *See* 18 U.S.C. § 3582(c)(2). The court refused on the ground that Hickman was sentenced as a career offender, not under § 2D1.1, and thus could not benefit from the amendment to that guideline. Hickman appeals this ruling.

The government argues that Hickman's appeal is foreclosed by his promise in the plea agreement not to challenge his sentence on "appeal" or in any "post-conviction proceeding." But we explained in *United States v. Woods*, 581 F. 3d 531 (7th Cir. 2009), that a motion under § 3582(c)(2) seeks to modify—not overturn—a sentence, and thus an appeal waiver like the one Hickman accepted does not bar a motion under § 3582(c)(2) or the appeal of an adverse ruling on that motion. *Id.* at 533-37; *see also United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009).

Hickman argues, as he did in the district court, that he was not sentenced as a career offender. Even though his prior convictions qualified him as a career offender, Hickman says his guidelines sentence is based on § 2D1.1 because the judge imposed a prison term below the career-offender range. But the district court's exercise of discretion to go below the guidelines range resulting from the application of § 4B1.1 does not mean that Hickman's sentence was no longer based on that range. *See United States v. Poole*, 550 F.3d 676 (7th Cir. 2008) (rejecting contention that defendant's sentence no longer resulted from application of career-offender guideline after she received postsentence reduction under FED. R. CRIM. P. 35(b) for substantial assistance). The retroactive change to the base offense levels in § 2D1.1 cannot benefit career offenders, *United States v. Welton*, No. 08-3799, 2009 WL 3151162, *2 (7th Cir. Oct. 2, 2009); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam), so the district court could not have lowered Hickman's sentence.

AFFIRMED.