NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 21, 2010[*]
Decided January 21, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-2941

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 03-30137-01-GPM |
| DARRON J. MURPHY, SR.,<br>*Defendant-Appellant.* | G. Patrick Murphy,<br>*Judge*. |

**O R D E R**

Darron J. Murphy, Sr., appeals from an order reducing his prison sentence under 18 U.S.C. § 3582(c)(2).  Murphy wanted a greater reduction, but the district court concluded that it was not authorized to go any lower.  We affirm.

Murphy was convicted in 2003 on charges arising from a crack conspiracy.  Two of the five counts charged him with possessing and conspiring to possess crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846.  With a total offense level of 29 and a criminal history category of

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2).

VI, his advisory guideline range on those charges was 151 to 188 months. The district court imposed a term of 151 months, to be served consecutively to an 84-month term on another count, for a total of 235 months' imprisonment. We affirmed the judgment on direct appeal, *United States v. Murphy*, 406 F.3d 857 (7th Cir. 2005), and later affirmed a corrected judgment under Federal Rule of Criminal Procedure 36 clarifying which sentences were to run consecutively, *United States v. Murphy*, 329 Fed. App'x. 653 (7th Cir. 2009).

In 2009, Murphy moved under § 3582(c)(2) for a sentence reduction based on a retroactive amendment to the sentencing guideline that reduced the base offense level for certain crack cocaine offenses. U.S.S.G. supp. to app. C, 226-31 (2007) (amendment 706); *United States v. Monroe*, 580 F.3d 552, 554 (7th Cir. 2009). That amendment, if applied to Murphy, would have lowered his base offense level by two levels and reduced the advisory guideline range to 130 to 162 months on the possession and conspiracy charges. Murphy asked the district court to reduce his sentence on those charges below 130 months in light of other factors in 18 U.S.C. § 3553(a). Recognizing that our circuit precedent forecloses such a reduction, Murphy in the alternative requested a sentence of 130 months on those charges. The district court granted Murphy's motion and reduced his term of imprisonment to 130 months on the possession and conspiracy charges, for a total of 214 months; the court, however, declined without explanation to reduce the sentence below the amended guideline range.

Murphy argues that the district court erred in declining to reduce his sentence below the amended guideline range and asserts that *United States v. Booker*, 543 U.S. 220 (2005), which rendered the guidelines advisory, should also be read to eliminate any restriction on the extent of a reduction permitted under § 3582(c)(2). As Murphy acknowledges, however, we rejected this argument in *United States v. Cunningham*, 554 F.3d 703, 707-08 (7th Cir. 2009). In *Cunningham*, we considered whether *Booker*'s general rule that the guidelines are advisory meant that district courts had the authority when making sentencing modifications under § 3582(c) to "treat the amended Guideline range as advisory despite the [Sentencing] Commission's policy statements to the contrary." *Id.* at 705. But we rejected that argument and held "that district courts, in reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), do not have authority to reduce the defendant's sentence beyond the retroactive Guidelines amendment range." *Id.* at 709. Murphy cites *United States v. Hicks*, 472 F.3d 1167, 1171-72 (9th Cir. 2007), the only circuit opinion authorizing district courts to reduce a sentence below the amended guideline in a resentencing under § 3582(c), but we explicitly disagreed with that approach in *Cunningham*. *Cunningham*, 554 F.3d at 708 n.3.

AFFIRMED.