NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 22, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1743

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee*, <br><br> *v.* <br><br> TROY NEELY, <br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 09 CR 50034-2 <br><br> Frederick J. Kapala, <br> *Judge*. |

**O R D E R**

Troy Neely and codefendant Osic Puckett were arrested after police officers saw them load marijuana from a shipping container into a U-Haul van and drive away. After his motion to suppress the marijuana was denied, Neely entered a conditional guilty plea to conspiring to possess with intent to distribute marijuana. 21 U.S.C. §§ 846, 841(a). He was sentenced to 5 years' imprisonment, the mandatory minimum for crimes involving at least 100 kilograms, *id.* § 841(b)(1)(B)(vii), and fined $50,000. Neely filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Neely has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Neely's guilty plea is conditioned on the right to challenge on appeal the denial of his motion to suppress. *See* FED. R. CRIM. P. 11(a)(2). Neely has told counsel that he wants to contest that ruling but does not want his guilty plea vacated if the decision is upheld. Thus, counsel properly omits discussion about the adequacy of the plea colloquy or the voluntariness of Neely's guilty plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel begins with analysis of the motion to suppress. The district court heard evidence that authorities executing a search warrant found 505 pounds of marijuana in a shipping container after employees of the freight company hauling that container to Rockford, Illinois, detected the smell of marijuana. A police officer posing as a company employee delivered the container and cargo to the intended destination, a vacant lot. The officer was met there by Eugene Leach, who signed for the delivery using an alias matching the name on the manifest. After the undercover officer had departed, Neely and Puckett arrived in a white U-Haul van and, with surveillance officers watching, transferred the marijuana from the container into their van. The two men departed without Leach and were followed by police to a residence, where they parked inside an attached garage and shut the door. Although the police did not have warrants to search the house or arrest Neely and Puckett, several officers went to the front door and identified themselves.

Testimony at the suppression hearing differed as to what happened next. According to two police officers, Puckett opened the front door and voluntarily stepped onto the porch, where he was arrested. Officers then entered and conducted a protective sweep lasting less than a minute. During this sweep, the officers testified, no new evidence was discovered but Neely was arrested and taken outside. Neely did not dispute the brevity of the protective sweep, but he insisted that the police entered the house uninvited with guns drawn and arrested both men inside the home before conducting the sweep.

The marijuana was not recovered until several hours later. Following his arrest Neely told police that the residence was owned by Chris Williams, a friend and business associate. After police contacted him at work, Williams returned home and signed a written consent to search. At the suppression hearing Williams agreed that he had given consent but said he had felt pressured into signing because the officers told him they would seal the home and keep him out until they obtained a search warrant. The police witnesses denied making this statement.

Appellate counsel questions whether Neely could contest the district court's conclusions that he lacked standing to challenge the search of the shipping container, that the protective sweep was lawful, and that Williams had validly consented to the search of his own home. We agree with counsel that it would be frivolous to dispute these determinations. We would not overturn the district court's conclusion that Neely lacked a protected Fourth Amendment interest in the shipping container because he presented no

evidence that he had an objective or subjective expectation of privacy in the container. *See United States v. Carlisle*, 614 F.3d 750, 756–58 (7th Cir. 2010); *United States v. Figueroa-Espana*, 511 F.3d 696, 703–04 (7th Cir. 2007). The container was destined for "Johnny Stamps," and it was Eugene Leach, not Neely, who answered to that alias. Nor would we disturb the finding that Williams voluntarily consented to the search of his home. The district court credited the police officers and disbelieved Williams when he said he was told that, if he did not consent, he could not enter his home while a search warrant was being obtained. Not only are credibility findings almost never clearly erroneous, *United States v. Stewart*, 536 F.3d 714, 720 (7th Cir. 2008); *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007), but the police would not have vitiated Williams' consent by disclosing their plan to exclude him from the house while obtaining a warrant, as they were authorized to do, *see Segura v. United States*, 468 U.S. 796, 810 (1984); *United States v. Johnson*, 495 F.3d 536, 542 (7th Cir. 2007). And, finally, the legality of the protective sweep (or Neely's arrest) was irrelevant to the motion to suppress; the police had watched Neely and Puckett transport a truckload of marijuana into Williams' garage, and nothing seen by the police during their sweep played any role in the consent search that followed. *See United States v. Etchin*, 614 F.3d 726, 731 (7th Cir. 2010); *United States v. Alexander*, 573 F.3d 465, 476 (7th Cir. 2009).

We also agree with counsel that any challenge to Neely's sentence would be frivolous. Neely raised no objection to the guidelines calculations, and appellate counsel has not detected any possible errors now. Although Neely's prison sentence of 60 months is above the range of 46 to 57 months that would have applied if not for the mandatory minimum, the term he received was the statutory minimum and thus also the guidelines sentence. *See* U.S.S.G. § 5G1.1(b); *United States v. Monroe*, 580 F.3d 552, 554 & n.5 (7th Cir. 2009). The court also sufficiently explained its decision to impose a within-guidelines fine of $50,000 by pointing to facts in the presentence report demonstrating that Neely had the ability to pay but was attempting to hide assets to mislead the court. *See* 18 U.S.C. § 3572(a); U.S.S.G. § 5E1.2(d); *United States v. Artley*, 489 F.3d 813, 825–26 (7th Cir. 2007).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.