**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Benjamin JOHNSON, Defendant–**
**Appellant.**

No. 12–1617.

United States Court of Appeals,
Seventh Circuit.

July 9, 2012.

Emily Kathleen Kerkhof, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Benjamin Johnson, White Deer, PA, pro se.

Before FRANK H. EASTERBROOK, Chief Judge, WILLIAM J. BAUER, Circuit Judge and MICHAEL S. KANNE, Circuit Judge.

## Order

Our order of June 8, 2012, dismissing this appeal on the basis of a waiver in Johnson's plea agreement, relied on a decision in another of Johnson's appeals. *United States v. Johnson*, 302 Fed.Appx. 480 (7th Cir.2008). A later panel held, though without citing this 2008 decision, that an essentially identical plea agreement did not waive the right to appeal from an order denying a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). See *United States v. Woods*, 581 F.3d 531, 536 (7th Cir.2009). See also *United States v. Monroe*, 580 F.3d 552, 557–58 (7th Cir. 2009) (holding that a clause in a plea agreement waiving appeal and collateral attack did not prohibit asking the district court for a sentence reduction under § 3582(c)(2)).

Johnson has filed a petition for rehearing. That petition is granted, to the extent that we now take jurisdiction of this appeal. A plea agreement's waiver does not affect subject-matter jurisdiction, and we accept Johnson's current appeal without attempting to work out the tension in the law of the circuit. This appeal is not a suitable occasion for that exercise, because Johnson is not entitled to relief no matter how one looks at this case.

Section 3582(c)(2) authorizes a district judge to reduce a previously imposed sentence only when the Sentencing Commission has lowered the Guideline range and made that change retroactive. The Sentencing Commission's most recent retroactive change for crack-cocaine offenses does not affect the range of any person who distributed more than 8.4 kilograms of cocaine. The district court found Johnson responsible for approximately 17 kilograms. This meant that his sentencing range has not been reduced, and that § 3582(c)(2) does not permit the district judge to lower his sentence. See *United*

*States v. Davis,* 682 F.3d 596 (7th Cir. 2012) (holding that six of Johnson's co-conspirators are not entitled to reductions under § 3582(c)(2)). What we said in *Davis* is equally applicable here, given the district court's quantity finding. (Johnson appears to believe that he can relitigate that subject as part of a motion under § 3582(c)(2), but the Supreme Court held in *Dillon v. United States,* — U.S. —, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), that this statute does not authorize full resentencing. The district court takes as given findings made when imposing the original sentence and asks only whether the Sentencing Commission has changed the applicable range.)

AFFIRMED.