In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 21-1154

IN RE: COREY J. THOMAS,

*Petitioner.*

———————————

Petition for a Writ of Mandamus to the United States
District Court for the Western District of Wisconsin.
No. 3:12-cv-00269-bbc — **Barbara B. Crabb**, *Judge.*

———————————

DECIDED FEBRUARY 2, 2024

———————————

Before SYKES, *Chief Judge*, and WOOD and HAMILTON, *Circuit Judges.*

PER CURIAM. Corey Thomas has a lengthy history of frivolous collateral attacks on his 2009 conviction for bank robbery. His persistence has twice earned him sanctions and a filing bar under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), directing the clerks of this circuit to return unfiled any more papers he submits attacking his conviction. Thomas asks us to lift the bar so that he may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on an asserted change in the law. We deny his request but clarify that our *Alexander* order does not preclude him from moving for a sentence reduction under § 3582(c)(1)(A).

Thomas has long maintained that he should not have been sentenced as a career offender under Sentencing Guideline § 4B1.1. We have repeatedly concluded that none of his many theories for challenging this finding satisfies the requirements for a successive motion to vacate his sentence under 28 U.S.C. § 2255. In 2017 Thomas petitioned for a writ of mandamus directing the district court to rule on a motion for relief from the judgment; once again, he sought to contest his career-offender designation. No. 17-3253. We construed that petition as his sixth request for authorization to file a successive motion to vacate under § 2255, see *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), and denied that request, as we had all the others. We went further and imposed on him a $500 sanction and a filing bar under *Alexander* until that sum was paid.

Thomas paid that initial fine but brought another petition for a writ of mandamus in 2021, seeking essentially the same relief. We thus imposed a steeper $1000 sanction and another *Alexander* bar that remains in force. As relevant here, that order provides that the clerks of this circuit shall return unfiled any papers Thomas submits "attacking" his conviction.

Thomas now asks us to lift the sanction against him so that he may move the district court for compassionate release on the theory that he is serving an unusually long sentence in light of legal developments since his sentencing. A new amendment to the United States Sentencing Guidelines authorizes such relief, in the discretion of the district court. See U.S.S.G. § 1B1.13(b)(6) (effective Nov. 1, 2023). Those legal developments, we infer, are the same judicial decisions interpreting the career-offender guideline and similar recidivist sentencing enhancements that we have repeatedly concluded did not justify a successive collateral attack by Thomas.

We see no need to change anything about our order. A motion for a sentence reduction—even one asserting a change in sentencing law—does not qualify as an attack on the original sentencing judgment for the purposes of an *Alexander* filing bar. Properly understood, a motion for a sentence reduction under § 3582(c)(1) or (c)(2) does not attack the sentence at all. It accepts the legal validity of the sentence imposed but asks for modification to account for changed circumstances. So, we have held that a defendant whose plea agreement has waived his right to "contest … his sentence in any collateral attack" may still move for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the Sentencing Guidelines. *United States v. Monroe*, 580 F.3d 552, 556–57 (7th Cir. 2009). Such a motion does not "impugn the district court's rationale" for the original sentence or "claim that the district court erred in any way." It "simply ask[s] the district court to consider revising his sentence in light of a development completely external to the court's original judgment." *Id.* at 557.

So too with a motion for compassionate release under § 3582(c)(1)(A). A movant cannot rightly claim he is legally *entitled* to compassionate release because the background sentencing law has changed, but he may argue that he nonetheless *deserves* a sentence reduction based on that change and other relevant factors. See *United States v. Black*, 999 F.3d 1071, 1075 (7th Cir. 2021); see also *Concepcion v. United States*, 597 U.S. 481, 500 (2022) (interpreting First Step Act of 2018, Pub. L. 115–391, § 404(b), 132 Stat. 5194, 5222). Movants may not always phrase their claims in a way that recognizes this distinction, but courts can and should still address these motions as applications for discretionary relief. If a given motion for a sentence reduction resembles too closely an impermissible

collateral attack, then that may be one reason to deny a reduction. E.g., *United States v. Von Vader*, 58 F.4th 369, 371–72 (7th Cir.), cert. denied, 144 S. Ct. 388 (2023). But unless a movant's effort to evade § 2255 is especially transparent and plainly inconsistent with the law governing his motion, there is no need to recharacterize a motion for a sentence reduction as a mislabeled collateral attack.

Even so, we warn Thomas that courts will not be powerless against repetitive, frivolous, or abusive motions, even if those motions are not collateral attacks blocked by our *Alexander* order. Thomas identifies what appears to be a non-frivolous argument that he is eligible for compassionate release under the recent guideline amendments, though we express no opinion on that question, let alone on whether he would deserve a favorable exercise of discretion. We conclude only that our *Alexander* order permits him to ask the district court for such a sentence reduction. Should Thomas or another person in a similar situation persist in filing motions long after his theories have been soundly rejected, a court would have ample authority to impose sanctions targeted at curbing this new abuse of the compassionate-release vehicle. See *Alexander*, 121 F.3d at 316. We are cautiously optimistic that we will not need to enter such an order against Thomas.

With the clarification that our current *Alexander* order does not prevent Thomas from filing the motion he describes, we DENY his request to modify or rescind our sanction. The bar will be lifted immediately on full payment of the fine. Thomas is authorized to submit another motion to modify or rescind the order no earlier than two years from the date of this decision.